# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RACHEL SCHARFMAN,

     Plaintiff,

v.                                                                          CASE NO.: 8:21-CV-00842-WFJ-JSS

BIODERM, INC.,

     Defendant.

_____/

## DEFENDANT'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL IN RESPONSE TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, BIODERM, INC. (hereinafter "Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files its Amended Answer, Affirmative Defenses and Demand for Jury Trial in Response to Plaintiff's, RACHEL SCHARFMAN, (hereinafter "Plaintiff"), Complaint, and states as follows:

## NATURE OF ACTION

1.      Admitted for jurisdictional purposes only, but denied that Defendant violated any of these laws alleged by Plaintiff.

2.      Denied.

## JURISDICTION

3.      Denied that Plaintiff is entitled to any damages and Defendant demands strict proof thereof.

4.      Denied that any alleged actions or omissions occurred as Plaintiff alleges,

and Defendant demands strict proof thereof.

## PARTIES

5.      Without knowledge, therefore denied.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.     Admitted.

## CONDITIONS PRECEDENT

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied.

## FACTUAL ALLEGATIONS

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admitted that Plaintiff communicated that she was pregnant in 2019.

21.     Denied.

22.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Without knowledge, therefore denied.

28.     Without knowledge, therefore denied.

29.     Denied.

30.     Denied.

31.     Admitted that Plaintiff returned to work in the month of October 2019; as to the remaining allegations, these are legal conclusions to which no response is required, to the extent responses are required, all allegations are denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT I
## AGAINST DEFENDANT FOR DISCRIMINATION
## UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON PREGNANCY

36.     Defendant incorporates its responses to paragraphs 1 through 7 and 10 through 35 supra as if fully set out herein.

37.     Admitted that Plaintiff was female and pregnant during some period of time, otherwise denied.

38.     Denied.

39.     Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Without knowledge of agreement between Plaintiff and her attorneys, therefore denied. Further, denied that Plaintiff is entitled to attorney's fees, costs, or expenses.

Defendant denies each and every item of Plaintiff's prayer for relief in Count I of the Complaint. Defendant requests its attorney's fees and costs be paid by Plaintiff to the extent Defendant is the prevailing party in this action because Plaintiff's allegations are unfounded and wholly without merit.

## COUNT II
## AGAINST DEFENDANT FOR RETALIATION
## UNDER THE FLORIDA CIVIL RIGHTS ACT

44.    Defendant incorporates its responses to paragraphs 1 through 7 and 10 through 35 supra as if fully set out herein.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Without knowledge of agreement between Plaintiff and her attorneys, therefore denied. Further, denied that Plaintiff is entitled to attorney's fees, costs, or expenses.

Defendant denies each and every item of Plaintiff's prayer for relief in Count II of the Complaint. Defendant requests its attorney's fees and costs be paid by Plaintiff to the

extent Defendant is the prevailing party in this action because Plaintiff's allegations are unfounded and wholly without merit.

## COUNT III
## UNLAWFUL INTERFERENCE UNDER THE FMLA

50.     Defendant incorporates its responses to paragraphs 1 through 6, 8 through 10 and 15 through 35 supra as if fully set out herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Without knowledge of agreement between Plaintiff and her attorneys, therefore denied.

Defendant denies each and every item of Plaintiff's prayer for relief in Count III of the Complaint. Defendant requests its attorney's fees and costs be paid by Plaintiff to the extent Defendant is the prevailing party in this action because Plaintiff's allegations are unfounded and wholly without merit.

## COUNT IV
## AGAINST DEFENDANT FOR RETALIATION UNDER FMLA

60.     Defendant incorporates its responses to paragraphs 1 through 6, 8 through 10 and 15 through 35 supra as if fully set out herein.

5

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied

67.     Denied.

68.     Without knowledge of agreement between Plaintiff and her attorneys,

therefore denied.

Defendant denies each and every item of Plaintiff's prayer for relief in Count IV of

the Complaint. Defendant requests its attorney's fees and costs be paid by Plaintiff to the

extent Defendant is the prevailing party in this action because Plaintiff's allegations are

unfounded and wholly without merit.

## **<u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>**

1.     Plaintiff's Complaint fails to state a cause of action upon which relief can be

granted.

2.     Plaintiff has not established a prima facie case of FMLA retaliation or

interference, and also cannot establish pretext based on same.

3.     Defendant never interfered with Plaintiff's alleged exercise or attempt to

exercise FMLA rights, nor did Defendant retaliate against Plaintiff for the same.

4.     Plaintiff did not suffer any injury as a result of the alleged FMLA interference

or retaliation.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

5.     Plaintiff is not entitled to any greater right than would have existed had she not allegedly exercised, or attempted to exercise, an FMLA right.

6.     Plaintiff's alleged damages, if any, are too speculative to ascertain.

7.     Plaintiff failed to mitigate her alleged damages, if any.

8.     Defendant is entitled to a set-off for all income, benefits, money or other consideration earned or received by Plaintiff, or that could have been earned or received through reasonable efforts, including but not limited to, by continuing to work for Defendant, or for any third party or any source.

9.     Plaintiff has waived or is estopped from bringing her claims based on her own actions or inactions.

10.    Plaintiff did not satisfy all administrative pre-requisites to filing suit, and/or has failed to exhaust all administrative remedies.

11.    Defendant acted in good faith, with reasonable care, and without malice, malicious intent or any negative, retaliatory, or discriminatory intent whatsoever, at all relevant times.

12.    Defendant lacked actual and constructive knowledge of the alleged interference or retaliation.

13.    Defendant exercised reasonable care to prevent and correct promptly any and all alleged discrimination, interference or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or avoid harm otherwise.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

14.    Defendant's employment actions or decisions were for legitimate, business-related, non-retaliatory and non-discriminatory reasons and for business necessity, which did not violate the FMLA or FCRA.

15.    Plaintiff's damages, if any, are due in whole or in part to the actions of Plaintiff, third parties, and/or events beyond the control of Defendant such that Defendant has no liability, or its share of any liability should be limited.

16.    Plaintiff failed to give any notice to Defendant of the alleged interference or retaliation, so Defendant was not given an opportunity to respond or remedy the alleged interference or retaliation before Plaintiff took outside action.

17.    Without conceding entitlement, Defendant states that should Plaintiff establish an award for damages or other monetary recovery, the amount of those damages or monetary recovery, including but not limited to interest, attorney's fees, costs and litigation expenses, are limited to and/or capped by the provisions of the FMLA and related law.

18.    Plaintiff voluntarily resigned from her position and was not terminated or interfered with, and not constructively discharged.

19.    Plaintiff's purported statutory protected expression or activity, which Defendant expressly denies, is wholly unrelated to the ending of Plaintiff's employment with Defendant.

20.    Any alleged employment actions taken towards Plaintiff were always based on legitimate, non-discriminatory, non-retaliatory reasons unrelated to her alleged protected activity or alleged protected classification, and Plaintiff cannot establish the required causal connection.    Plaintiff also cannot establish that the legitimate, non-

8

discriminatory reasons for Defendant's actions are a pretext for retaliation or discrimination.

21.     To the extent that Plaintiff demonstrates that her alleged protected activity or protected classification was a motivating factor in any alleged actions by Defendant, Defendant would have acted the same in the absence of such impermissible motivating factor.

22.     Any mental anguish or emotional pain and suffering claimed by Plaintiff was a pre-existing condition, was caused by events unrelated to Defendant's conduct or alleged conduct, or was beyond Defendant's control.

23.     Defendant asserts the after acquired-evidence defense which would preclude or bar any damages beyond the date the after-acquired evidence was discovered within a few weeks after Plaintiff's separation of employment. This after-acquired evidence includes, but is not limited to, Defendant discovered that Plaintiff had entered into multiple contracts with third parties on behalf of Defendant without Defendant's authorization and approval, and that she had submitted several unauthorized expenses as well.  This after-acquired evidence would be grounds or basis for termination of the employment relationship.

## RESERVATION OF RIGHT TO ASSERT AFFIRMATIVE DEFENSES

Defendant reserves the right to assert such other affirmative defenses available as may be revealed through discovery and disclosure in this matter.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD -  SUITE 400  -  TAMPA, FLORIDA 33607  -  (813) 289-9300  -  (813) 286-2900 FAX

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of April 2021, a true and correct copy of

the foregoing has been furnished by electronic filing with the Clerk of the Court via

CM/ECF system, which will send notice of electronic filing to all counsel of record.

    /s/ Brian D. Rubenstein
    Brian D. Rubenstein, Esq.
    FBN: 0016997
    *Counsel for Defendant, BIODERM, INC.*
    COLE, SCOTT & KISSANE, P.A.
    4301 West Boy Scout Boulevard
    Suite 400
    Tampa, Florida 33607
    Telephone: (813) 864-9324
    Facsimile: (813) 286-2900
    brian.rubenstein@csklegal.com
    patricia.toney@csklegal.com